**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUNSHI ZHAO, AKA Jinshi Zhao, | No. 13-71432 |
| Petitioner, | Agency No. A099-734-835 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Junshi Zhao, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record as to Zhao's attendance of house church services, arrest, former employment, and the nature of mistreatment during his second interrogation. *See Shrestha*, 590 F.3d. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Zhao's explanations for these inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Zhao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Zhao's CAT claim because it was based on the same evidence found not credible and the record does not otherwise compel the finding that it is more likely than not Zhao would be tortured by or with the consent or acquiescence of the government if returned to

China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**

13-71432